| | |
|---|---|
| ANGEL LEARNING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:08-cv-1259-LJM-JMS ) |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

For its Complaint against defendant Houghton Mifflin Harcourt Publishing Company ("HMH"), plaintiff Angel Learning, Inc. ("ANGEL") alleges:

### Parties

1. ANGEL is a corporation organized under the laws of Indiana. ANGEL, among other things, develops and markets web-based teaching and learning tools. ANGEL's principal place of business is in Indianapolis, Indiana.

2. HMH is a corporation organized under the law of Massachusetts. HMH is a publisher of educational materials and textbooks, and its principal place of business is in Boston, Massachusetts.

3. HMH is registered to do business in Indiana, it has offices in Indiana, and it regularly conducts business in Indiana.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the case is between citizens of different States and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391(a)(1) because the defendant resides in the Southern District of Indiana.

## Allegations

6. On or about September 1, 2007, ANGEL entered into the Angel-Harcourt LMS Agreement (the "LMS Agreement") with Harcourt, Inc. ("Harcourt"), the predecessor to HMH.

7. Pursuant to the LMS Agreement, ANGEL agreed to license certain software and provide related services to Harcourt for use with its instructional materials and educational services for the PreK-12 market.

8. The term of the LMS Agreement consists of the Main Term and the Wind-Down Period:

> The "Main Term" is the three (3) year period beginning on the Effective Date, as it may be extended or renewed by agreement of ANGEL and HARCOURT. The Wind-Down Period follows the Main Term and is as provided in Article 10.

(LMS Agreement, § 9.1.)

9. The Effective Date of the LMS Agreement was September 1, 2007. (LMS Agreement, p. 1.)

10. In consideration for ANGEL's promised performance under the LMS Agreement, Harcourt agreed to pay to ANGEL certain "Main Term Fees" for each Term Year.

11. For the second Term Year, the Main Term Fee as set forth in the LMS Agreement was $3,340,000, payable in two installments. (LMS Agreement, § 7.1(b).) The second Term Year runs from September 1, 2008, through August 31, 2009. (LMS Agreement, § 21.64.)

12. On or about March 7, 2008, ANGEL and HMH entered into the First Amendment to LMS Agreement (the "First Amendment").

13. On or about March 21, 2008, ANGEL and HMH entered into the Second Amendment to LMS Agreement (the "Second Amendment").

14. Among other things, the Second Amendment increased the Main Term Fee for the second Term Year to $4,008,000, with the first installment of $2,004,000 due on September 1, 2008.

15. HMH failed to pay the first installment of the Main Term Fee for the second Term Year that was due on September 1, 2008. This failure has caused ANGEL damages.

16. ANGEL continues to perform under the LMS Agreement as amended and intends to continue doing so. ANGEL, at this time, does not seek a termination of the LMS Agreement as amended and does not contend HMH has repudiated the LMS Agreement as amended. Rather, through this action ANGEL only seeks payment from HMH of the first installment of the Main Term Fee for the second Term Year, which was due ANGEL on September 1, 2008.

## COUNT I – BREACH OF CONTRACT

17. ANGEL hereby incorporates and realleges the allegations set forth in paragraphs 1 through 16.

18. The LMS Agreement, the First Amendment and the Second Amendment (collectively, the "Contracts") are valid, enforceable contracts.

19. HMH breached the Contracts by failing to pay the first installment of the Main Term Fee for the second Term Year by September 1, 2008.

20. ANGEL has suffered damages as a result of this breach.

21. All conditions precedent to HMH's obligation to pay the first installment of the Main Term Fee for the second Term Year have been performed, have occurred, or have been excused.

WHEREFORE, plaintiff ANGEL Learning, Inc. requests the Court to enter judgment in its favor and against defendant Houghton Mifflin Harcourt Publishing Company on all issues raised in this Complaint, for damages sufficient to compensate it for its losses, for prejudgment interest, and all other just and proper relief.

                                          _____
                                          T. Joseph Wendt, No. 19622-49
                                          jwendt@btlaw.com
                                          Scott E. Murray, No. 26885-49
                                          scott.murray@btlaw.com
                                          Barnes & Thornburg LLP
                                          11 South Meridian Street
                                          Indianapolis, Indiana 46204
                                          Telephone: (317) 236-1313
                                          Facsimile: (317) 231-7433

                                          Attorneys for Plaintiff
                                          ANGEL Learning, Inc.