UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL LEARNING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08-cv-1259-LJM-JMS |
| | ) |
| HOUGHTON MIFFLIN HARCOURT | ) |
| PUBLISHING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

For its Supplemental Complaint against defendant Houghton Mifflin Harcourt Publishing Company ("HMH"), plaintiff Angel Learning, Inc. ("ANGEL") alleges:

**Parties**

1. ANGEL is a corporation organized under the laws of Indiana. ANGEL, among other things, develops and markets web-based teaching and learning tools. ANGEL's principal place of business is in Indianapolis, Indiana.

2. HMH is a corporation organized under the law of Massachusetts. HMH is a publisher of educational materials and textbooks, and its principal place of business is in Boston, Massachusetts.

3. HMH is registered to do business in Indiana, it has offices in Indiana, and it regularly conducts business in Indiana.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the case is between citizens of different States and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391(a)(1) because the defendant resides in the Southern District of Indiana.

**Allegations**

6. On or about September 1, 2007, ANGEL entered into the Angel-Harcourt LMS Agreement (the "LMS Agreement") with Harcourt, Inc. ("Harcourt"), the predecessor to HMH.

7. Pursuant to the LMS Agreement, ANGEL agreed to license certain software and provide related services to Harcourt for use with its instructional materials and educational services for the PreK-12 market.

8. The term of the LMS Agreement consists of the Main Term and the Wind-Down Period:

> The "Main Term" is the three (3) year period beginning on the Effective Date, as it may be extended or renewed by agreement of ANGEL and HARCOURT. The Wind-Down Period follows the Main Term and is as provided in Article 10.

(LMS Agreement, § 9.1.)

9. The Effective Date of the LMS Agreement was September 1, 2007. (LMS Agreement, p. 1.)

10. Under the LMS Agreement, Harcourt agreed to pay to ANGEL certain "Main Term Fees" for each Term Year.

11. For the second Term Year, the Main Term Fee as set forth in the LMS Agreement was $3,340,000, payable in two installments. (LMS Agreement, § 7.1(b).) The second Term Year runs from September 1, 2008, through August 31, 2009. (LMS Agreement, § 21.64.)

12. On or about March 7, 2008, ANGEL and HMH entered into the First Amendment to LMS Agreement (the "First Amendment").

13. On or about March 21, 2008, ANGEL and HMH entered into the Second Amendment to LMS Agreement (the "Second Amendment").

14. Among other things, the Second Amendment increased the Main Term Fee for the second Term Year to $4,008,000, with the first installment of $2,004,000 due on September 1, 2008.

15. HMH failed to pay the first installment of the Main Term Fee for the second Term Year that was due on September 1, 2008. This failure has caused ANGEL damages.

16. The second installment of the Main Term Fee for the second Term Year was due on March 1, 2009.

17. HMH failed to pay the second installment of the Main Term Fee for the second Term Year that was due on March 1, 2009.

18. These failures have caused ANGEL damages.

## COUNT I – BREACH OF CONTRACT

19. ANGEL hereby incorporates and realleges the allegations set forth in paragraphs 1 through 18.

20. The LMS Agreement, the First Amendment and the Second Amendment (collectively, the "Contracts") are valid, enforceable contracts.

21. HMH breached the Contracts by failing to pay the first installment of the Main Term Fee for the second Term Year by September 1, 2008.

22. HMH breached the Contracts by failing to pay the second installment of the Main Term Fee for the second Term Year by March 1, 2009.

23. ANGEL has suffered damages as a result of these breaches.

24. All conditions precedent to HMH's obligation to pay the first and second installments of the Main Term Fee for the second Term Year have been performed, have occurred, or have been excused.

25. To the extent HMH fails to pay additional installments of Main Term Fees due between the date of this Supplemental Complaint and trial, such failures will also qualify as material breaches of the Contracts for which ANGEL will be entitled to collect damages.

WHEREFORE, plaintiff ANGEL Learning, Inc. requests the Court to enter judgment in its favor and against defendant Houghton Mifflin Harcourt Publishing Company on all issues raised in this Complaint, for damages sufficient to compensate it for its losses, including all unpaid fees up to the date of trial, for prejudgment interest, for attorneys' fees, and all other just and proper relief.

### COUNT II – DECLARATORY JUDGMENT

26. ANGEL hereby incorporates and realleges the allegations set forth in paragraphs 1 through 25.

27. On January 9, 2009, HMH purported to terminate the LMS Agreement due to ANGEL's alleged breaches.

28. In its purported Notice of Termination, HMH elected to waive the Wind-Down Period provided by Article 10 of the LMS Agreement – an optional period of time after a termination during which HMH can continue to use the ANGEL LMS under a license from ANGEL while it migrates its customers to alternative products.

29. Despite electing to waive the Wind-Down Period, HMH alleged in its purported Termination Notice that, under Section 18.2, HMH is entitled to continue using the ANGEL

LMS and ANGEL is required to continue providing support until the later of June, 2009, or when HMH completes its migration of its learning management system to a new platform, all without any remuneration to ANGEL.

30. Despite its purported termination of the Agreement and its purported waiver of a Wind-Down Period, HMH continues to use the ANGEL LMS without paying ANGEL any fees.

31. Although HMH had no valid basis for terminating the LMS Agreement, its attempt to waive the Wind-Down Period while insisting on support demonstrates an actual dispute between the parties regarding their relative rights and obligations under Section 18.2.

32. Issuance of the requested declaration will resolve this dispute and settle the parties' controversy with respect to their relative rights and obligations under Section 18.2.

33. The Wind-Down Fees that would be due had HMH properly terminated the LMS Agreement and continued using the ANGEL LMS through June 30, 2009, would be greater than $75,000.

34. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 *et seq.*, ANGEL seeks a declaration that, after any termination under Section 18.2, HMH's only options are to either (1) continue using the ANGEL LMS within the context of a Wind-Down Period or (2) waive the Wind-Down Period and destroy or return all copies of the ANGEL LMS as required by Section 10.5.

35. Consistent with the above declaration, if the Court determines that HMH properly terminated the LMS Agreement on January 9, 2009, ANGEL seeks a monetary judgment against HMH for the Wind-Down Fees due since termination.

WHEREFORE, plaintiff ANGEL Learning, Inc. requests the Court to issue a declaration that, after any termination under Section 18.2, HMH's only options are to either (1) continue using the ANGEL LMS within the context of a Wind-Down Period or (2) waive the Wind-Down Period and destroy or return all copies of the ANGEL LMS as required by Section 10.5. ANGEL also asks the Court to award ANGEL its attorneys' fees and all other just and proper relief. Consistent with this declaration, if the Court determines that HMH properly terminated the LMS Agreement on January 9, 2009, ANGEL seeks a monetary judgment against HMH for the Wind-Down Fees due since termination, its attorneys' fees, prejudgment interest, and all other proper relief.

     /s/ Scott E. Murray
T. Joseph Wendt, No. 19622-49
jwendt@btlaw.com
Scott E. Murray, No. 26885-49
scott.murray@btlaw.com
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Attorneys for Plaintiff
ANGEL Learning, Inc.