UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGEL LEARNING, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1259- LJM-JMS |
| | ) | |
| HOUGHTON MIFFLIN HARCOURT | ) | |
| PUBLISHING COMPANY, | ) | |
| Defendant. | ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the court on the Joint Motion for Protective Order [Dkt. #53] and Motion to Compel Production of Documents and Compliance with Subpoena [Dkt. #58]. The matter is now fully briefed.

The pending motions seek resolution of the same issue: Is Houghton Mifflin Harcourt [HMH] entitled to discovery about communications within and between Angel Learning, Inc. [Angel] and Blackboard, Inc.[Blackboard], a recent purchaser of Angel concerning settlement negotiations with HMH?[1] The settlement negotiations are the subject of a Motion to Enforce Settlement Agreement [Dkt. 48] that was filed by HMH after it received word that Angel had not approved the terms of a settlement that had been negotiated by HMH's and Angel's respective counsel. HMH contends a deal was struck; Angel asserts there was no meeting of the minds.

The day after it filed the Motion to Enforce, HMH filed a Motion for Stay Pending a Ruling on HMH's Motion to Enforce Settlement Agreement. [Dkt. 50.] HMH sought to stay most all discovery, but it sought to exclude from the stay discovery that is necessary for the Motion to

---

[1] HMH originally also sought discovery from Angel's counsel. It has, however, temporarily abandoned that request. [Dkt. 59 at 3, fn2.]

Enforce. [Id., at 2.] HMH specified:

> With respect to discovery into the Motion to Enforce, HMH may seek limited discovery into the factual assertions in ANGEL's opposition, if any. Accordingly, HMH respectfully suggests that any order to stay discovery except discovery into the issues raised by ANGEL's opposition to the Motion to Enforce, such discovery to be accomplished within 35 days of service of ANGEL's opposition.

[Id. at 3.]

Rather than wait for the Court's ruling on the Motion to Stay, or perhaps more pertinently, Angel's response to the Motion to Enforce, HMH served deposition subpoenas on Angel, its counsel, and Blackboard, and a request for production of documents on Angel. The requests were sweeping and in no way "limited to the factual assertions in Angel's opposition." [*See* Dkt 54, Exhibits 1-4.] They couldn't have been so limited; the response hadn't even been filed.

But that limitation is what HMH promised the Court in its motion. While it is true that Judge McKinney's order permits "any discovery that is necessary for the prosecution of HMH's Motion to Enforce Settlement Agreement," [Dkt. 55] that order is the one tendered by HMH, and it is appropriate for the Court to hold HMH to its word as what discovery would be necessary.

To that end, the Court reviews the Angel's Response to the Motion to Enforce. The factual assertions contained therein are limited to declarations of Angel's counsel as to their communication with HMH's counsel on the date at issue, April 29, 2009. They do not reference Blackboard, or even communications between counsel and Angel. Instead, Angel focuses on the very communications that HMH is relying upon in its Motion to Enforce. Accordingly, and through that lens, the Court rules as follows:

HMH's Motion to Compel is DENIED, except as to Request for Production 1 (the settlement agreement) and 3 (approval of the settlement agreement). Production of documents responsive to those two items only shall occur no later than July 10, 2009. In all other particulars, Angel's Motion

for Protective Order is GRANTED.

    SO ORDERED.

    07/07/2009

                                          Jane Magnus-Stinson
                                          United States Magistrate Judge
                                          Southern District of Indiana

Copies to:

Scott E. Murray
BARNES & THORNBURG LLP
smurray@btlaw.com

Irwin B. Schwartz
BUSINESS LITIGATION ASSOCIATES, P.C.
ischwartz@business-litigation-associates.com

Michael A. Swift
ICE MILLER LLP
michael.swift@icemiller.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com