UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL LEARNING, INC., )<br>    *Plaintiff*, )<br>)<br>    *vs*. )<br>)<br>HOUGHTON MIFFLIN HARCOURT PUBLISHING )<br>COMPANY, )<br>    *Defendant*. ) | 1:08-cv-01259-LJM-JMS |

## ORDER

Presently before the Court is Houghton Mifflin Harcourt Publishing Company's ("HMH") Motion to Compel Production of Documents and Deposition Testimony (the "Motion to Compel"). [Dkt. 81.]

Through the course of numerous "meet and confers," the parties have narrowed the discovery dispute at issue in the Motion to Compel to whether ANGEL Learning, Inc. ("ANGEL") can assert work-product immunity over a handful of documents, which have been submitted for *in camera* review. [Dkt. 128.][1] Those disputed documents fall into two categories. In one set are emails that an ANGEL employee drafted after this breach-of-contract litigation had begun, which the employee used to forward to ANGEL's president what he thought were important pre-litigation emails relating to the alleged breach. ANGEL has produced the underlying emails but has redacted the commentary that the employee offered when he forwarded them. The other set of documents at issue are those that ANGEL's president asked a subordinate to prepare to help him evaluate the settlement value of the case. ANGEL has entirely withheld those documents.

---

[1] The Court appreciates the parties' efforts to significantly narrow the scope of their dispute.

Despite the liberal discovery provisions of the Federal Rules of Civil Procedure, *see generally United Sates v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958), our adversarial system of justice requires that parties and their attorneys have "a certain degree of privacy, free from unnecessary intrusion by opposing parties" to freely develop their cases for trial, *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).  Work-product immunity evolved to provide that privacy, to a greater degree than that otherwise afforded under the relatively narrow attorney-client privilege.  *BASF Aktiengesellschaft v. Reilly Indus.*, 224 F.R.D. 438, 440 (S.D. Ind. 2004) (citations omitted).

As codified in the Federal Rules of Civil Procedure 26(b)(3), work-product immunity attaches to and renders generally undiscoverable those otherwise relevant "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. Pro. 26(b)(3)(A).  Nonetheless, if a party can show "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means," then that party can obtain any work-product materials that don't reveal any "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id.* 26(b)(3)(A)(ii)-(b)(3)(B).

Here, HMH argues that neither set of documents should be afforded work-product immunity because they were, apparently, all prepared without counsel's direct involvement. However, counsel's lack of involvement in preparing the documents has absolutely no bearing on the work-product inquiry; a party can create work-product just like its counsel can, so long as the materials are prepared for litigation purposes.  *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 615 (N.D. Ill. 2000)("[M]aterials prepared in anticipation of litigation by any representative of the client are protected, regardless of whether the representative is acting

for the lawyer. Thus, whether a document is protected depends on the motivation behind its preparation, rather than on the person who prepares it." (citation omitted).) And the Court's review of the disputed documents confirms that they were, in fact, prepared for litigation purposes, rather than as part of ANGEL's normal course of business, thus qualifying for work-product immunity, *see Bartlett v. State Farm Mut. Auto. Ins. Co.*, 206 F.R.D. 623, 629 (S.D. Ind. 2002).

At oral argument, HMH made no argument that it had a "substantial need" for the withheld materials. Even had HMH made such an argument, their evaluative nature makes it impossible to segregate out any minimal "fact" work product that may be contained in them, meaning that ANGEL is entitled to withhold them entirely. *See Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006) (noting that work-product immunity exists because "the opponent shouldn't be allowed to…invite the jury to treat candid internal assessments of a party's legal vulnerabilities as admissions of guilt" (citations omitted)).

## CONCLUSION

The Motion to Compel [dkt. 81] is **DENIED**.

04/19/2010

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Sean P. Burke
BARNES & THORNBURG LLP
sean.burke@btlaw.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Scott E. Murray

BARNES & THORNBURG LLP
smurray@btlaw.com

Irwin B. Schwartz
BUSINESS LITIGATION ASSOCIATES, P.C.
ischwartz@business-litigation-associates.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com