UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL LEARNING, INC., | ) |
| Plaintiff, | ) ) |
| vs. | ) NO. 1:08-cv-01259-LJM-DML |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER TWO ASPECTS OF THE COURT'S AUGUST 12, 2010 SUMMARY JUDGMENT ORDER**

Pending before the Court is plaintiff's, ANGEL Learning, Inc. ("ANGEL"), Motion to Reconsider Two Aspects of the Court's August 12, 2010 Summary Judgment Order ("Motion to Reconsider") (Dkt. No. 251). The Court has considered the parties' arguments, and for the following reasons, ANGEL's Motion to Reconsider (Dkt. No. 251) is **DENIED**.

**I. BACKGROUND[1]**

This case arises out of a contract dispute between ANGEL and defendant, Houghton Mifflin Harcourt Publishing Company ("HMH"). ANGEL and HMH entered into a contract for ANGEL to provide customized software for HMH's pre-kindergarten through twelfth grade educational services. Dkt. No. 14-1 at 1. Under the contract, ANGEL granted HMH a license to use and host the ANGEL learning management system ("LMS") and related programs to tailor the software to HMH's needs. *Id.* at § 1.1. Using this software, HMH would run the modified ANGEL LMS, called *Think Central 2*, for use by teachers, students,

---

[1] For a more complete discussion of the background of this case, see generally Dkt. No. 248.

and school administrators. *Think Central 2* was scheduled to be released in three stages. Dkt. No. 248 at 2–3.

Upon receiving the Releases, HMH contended that *Think Central 2* failed a number of Verification Tests as required by the contract. *Id.* at 7–8. HMH provided notice to ANGEL of the issues, but they remained unresolved. *Id.* On January 9, 2009, HMH formally terminated the contract. Dkt. No. 92-40. By that time, ANGEL already had brought suit in this Court, seeking fees in conjunction with an alleged breach of the contract by HMH. Dkt. No. 1.

The parties filed cross-motions for summary judgment. Dkt. Nos. 31, 132, 136. On August 12, 2010, the Court issued an Order ("Summary Judgment Order") substantially denying summary judgment for both parties. Dkt. No. 248 at 28. Interpreting the contract under New York law, the Court concluded that ANGEL's warranties on the various Releases became effective prior to the Verification Tests and that HMH gave ANGEL notice of the Verification Test failures sufficient to comply with the warranty requirements. *Id.* at 16–18. The Court also concluded that there was no genuine issue of material fact as to whether ANGEL breached the warranties. *Id.* at 20. Additionally, the Court concluded that the term "ANGEL LMS" as referenced in the contract meant the customized software ANGEL agreed to deliver to HMH, rather than the standard ANGEL software without customization. *Id.* at 22.

On August 20, 2010, ANGEL filed this Motion for Reconsideration. Dkt. No. 251. Although ANGEL does not challenge all aspects of the Summary Judgment Order, ANGEL does ask the Court to reconsider two issues. First, ANGEL requests that the Court reexamine its holding that "ANGEL LMS" includes the customized software for HMH rather

2

than only ANGEL's standard software.  *Id.* at 2.  Second, ANGEL contends that the Affidavit of David Mercer creates a genuine issue of material fact as to whether ANGEL in fact breached the warranties, and the Court's failure to mention the Mercer Affidavit shows that the Court failed to consider it.  *Id.* at 2–3.

The Court adds additional facts below as needed.

## II.  STANDARD

Rule 54(b) provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability.

FED. R. CIV. P. 54(b).  ANGEL has asked the Court to reconsider aspects of a pre-judgment interlocutory decision.  Such decisions may be reconsidered at any time.  *See In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987); *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986).  Under the "law of the case" doctrine, the Court may refuse to consider that which has already been decided.  *See Cameo Convalescent Ctr.*, 800 F.2d at 110.  However, the Court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal."  *Id.*  A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*,

224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

### III. DISCUSSION

#### A. INTERPRETATION OF THE TERM "ANGEL LMS"

ANGEL first asks the Court to reconsider its determination that the term "ANGEL LMS" in the contract includes ANGEL's standard software with its HMH-specific custom elements. Dkt. No. 251 at 1–2. ANGEL asserts that ANGEL LMS and *Think Central 2* are distinct terms in the contract. In support of this argument, ANGEL contends that the inclusion of "Deliverable Software" as part of the definition for *Think Central 2* rather than ANGEL LMS means that, while *Think Central 2* included customization for HMH, ANGEL LMS did not. Dkt. No. 252 at 4–5. Therefore, ANGEL argues, HMH's failure to designate evidence regarding the performance of ANGEL LMS as opposed to *Think Central 2* requires the Court issue judgment in ANGEL's favor on the issue of whether ANGEL LMS performed improperly and, as a result, ANGEL breached its warranties.

As stated above, a motion to reconsider is not based solely on the disappointment of the losing party but instead must seek to correct "manifest errors" of law or fact or present newly discovered evidence. *Oto*, 224 F.3d at 606; *Caisse Nationale*, 90 F.3d at 1269. The Court already considered a version of ANGEL's argument in arriving at its original conclusion as to the proper interpretation of the term ANGEL LMS. *See* Dkt. No. 248 at 20–22. In its briefs for summary judgment, ANGEL asserted that the terms *Think Central 2* and ANGEL LMS refer to separate things. *See* Dkt. No. 167 at 15–16. However,

4

the argument regarding "Deliverable Software" just now is being made with the Motion to Reconsider.

"[M]otions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Paul Harris Stores, Inc. v. Pricewaterhousecoopers, LLP*, No. 02-CV-1014, 2006 WL 2859435, at *3 n.4 (S.D. Ind. Oct. 4, 2006) (McKinney, C.J.) (quoting *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)); *see also Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 WL 799546, at *2 (S.D. Ind. Mar. 24, 2009) (Barker, J.) ("Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail."); *Dennerline v. Pronational Ins. Co.*, No. 05-cv-1564, 2006 WL 1344059, at *1 (S.D. Ind. May 16, 2006) (McKinney, C.J.) (Motion for reconsideration should not "serve as a vehicle for tendering new legal theories for the first time or for undoing a party's own procedural failures."). ANGEL had ample opportunity[2] to assert this new interpretation prior to the Summary Judgment Order, in which the Court rejected ANGEL's contention that the ANGEL LMS did not include HMH-specific customization. The Court concludes that ANGEL has not shown a manifest error or newly discovered evidence warranting reconsideration of the interpretation of ANGEL LMS as discussed in the Summary Judgment Order. *Accord. Caisse Nationale*, 90 F.3d at 1269.

---

[2] Prior to the Summary Judgment Order, the parties filed numerous briefs, including sur-replies. *See, e.g.*, Dkt. Nos. 193, 196. In all, the Court was presented with at least eight briefs and their corresponding exhibits on the issues raised in the Summary Judgment Order.

## B. CONSIDERATION OF THE MERCER AFFIDAVIT

ANGEL also asserts that the Court failed to consider properly the affidavit submitted by David Mercer ("Mercer Affidavit"), which calls into question whether ANGEL breached the warranties under Sections 4.7 and 4.8. Dkt. No. 252 at 8. ANGEL contends that the Court must have "overlooked" the Mercer Affidavit in arriving at its decision. *Id.* However, ANGEL admits that the Mercer Affidavit is not new evidence, but rather evidence that was previously before the Court for consideration when it entered the Summary Judgment Order. The Mercer Affidavit neither constitutes new evidence nor demonstrates a "manifest error" of fact or law justifying reconsideration by this Court. *See Caisse Nationale*, 90 F.3d at 1269.

In addition to being previously available and reviewed by the Court in connection with the Summary Judgment Order, the Mercer Affidavit fails to create a genuine issue of material fact as to ANGEL's breach of warranties. The Mercer Affidavit does not provide evidence that ANGEL cured all errors required by the warranties to be cured. *See generally* Dkt. No. 14-1 at 17, 21–22; *see also generally* Dkt. No. 252-1. The Mercer Affidavit challenges whether certain errors were Verification Test failures, but it indicates that numerous errors were submitted through ANGEL's Support Portal without evidence that errors were cured. *See generally* Dkt. No. 252-1 (repeatedly stating that errors "concerned the code for the core ANGEL LMS – [they] had nothing to do with the customization developed for [HMH]"). In short, the Mercer Affidavit does nothing to alter the Court's conclusion that ANGEL breached the warranties.

6

## IV. CONCLUSION

For the reasons set forth herein, ANGEL's Motion to Reconsider (Dkt. No. 251) is **DENIED**.

IT IS SO ORDERED this 1st day of December 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Sean P. Burke
BARNES & THORNBURG LLP
sean.burke@btlaw.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Scott E. Murray
BARNES & THORNBURG LLP
smurray@btlaw.com

Irwin B. Schwartz
BUSINESS LITIGATION ASSOCIATES, P.C.
ischwartz@business-litigation-associates.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com